**UNITED STATES of America,
Plaintiff,**

v.

**Dustin Lee HONKEN, Defendant.**

**No. CR 01–3047–MWB.**

United States District Court,
N.D. Iowa,
Central Division.

Jan. 7, 2004.

Charles J. Williams, Patrick J. Reinert, U.S. Attorney's Office, Cedar Rapids, IA, Thomas Henry Miller, AAG, Des Moines, IA, for Plaintiff.

## ORDER (ORIGINALLY FILED UNDER SEAL)

BENNETT, Chief Judge.

A hearing on the government's September 16, 2003, Motion For Anonymous Jury (docket no. 150), and other matters, is currently scheduled for January 17, 2004, at 8:30 a.m. In the November 26, 2003, order in which the court originally scheduled the hearing on the motion, the court indicated its preliminary, *sua sponte* determination to close to the public the proceedings on whether or not to empanel an anonymous jury. However, in that order, the court also invited the parties to file any objections to closure of the hearing and to offer any alternatives to closure of the hearing by January 5, 2004. Both parties have now responded to that invitation.

In a response filed December 19, 2003, the government states its opposition to closing any hearing on its motion for an anonymous jury, relying on the Department of Justice's statement of policy regarding closure of proceedings set forth in 28 C.F.R. § 50.9(c). First, the government contends that reasonable alternatives exist to protect the interests at stake, because the government intends to rely primarily on matters that are already in the public record—including the indictment, the notice of intent to seek the death penalty, and transcripts of the defendant's 1998 sentencing-and the government contends that any additional submissions upon which it may rely, including affidavits, can be considered by the court *in camera.* Second, the government also contends that closing the hearing will not prevent the harm such a procedure is intended to avoid, because information concerning the defendant's dangerousness is already in the public domain, so that it is unlikely that repetition of this information will substantially impair the defendant's ability to obtain a fair and impartial jury. Even if there is some "taint" from open proceedings on the motion, the government contends that such a "taint" can be purged in jury selection by eliminating jurors unduly affected by pretrial publicity. Third, the government contends that closing the entire hearing, rather than considering only new information *in camera,* does not minimize closure to the greatest extent possible. Fourth, the government contends that the public has not been made aware of

the proposed closure, nor has any motion for closure been made on the record. Finally, the government contends that failure to close the hearing will not produce a substantial likelihood of the denial of the defendant's right to a fair trial, because presentation of the facts in the manner proposed by the government does not pose a substantial danger of generating publicity so great as to taint the jury pool.

However, in a somewhat tardy response faxed to the court on January 6, 2004, the defendant argues that the hearing on the motion for an anonymous jury should be closed. The defendant argues that the determination of whether or not to grant the government's motion will require findings based on evidence that anonymity is necessary to protect the jury from threats by the defendant or his associates, that empaneling an anonymous jury is inherently prejudicial, and that the court must have a strong reason for invoking such a drastic measure. However, the defendant contends that some of the "threat" evidence upon which the government will rely, including affidavits, may be inadmissible at trial, in either the guilt phase or penalty phase, but its pretrial disclosure could generate an atmosphere of prejudice likely to result in irreparable "tainting" of the pool of prospective jurors. The defendant also argues that the government's suggestion that "new" evidence can be reviewed *in camera* is not practicable, because such a procedure would make it difficult for the defendant to properly contextualize or fully attack mere allegations. More specifically, the defendant argues that requiring counsel to challenge and argue, in open court, the significance of the evidence offered in chambers, without revealing the details of that evidence, is unmanageable or impossible. The defendant contends that the government's suggested alternative procedure is likely to have the practical effect of inviting the very public speculation that the court and the defen-

dant wish to avoid, so that closing the hearing on the motion for an anonymous jury is the narrowest alternative reasonably available to prevent "tainting" of the jury pool through pretrial publicity and to protect the defendant's rights to confrontation and a fair trial.

■■■ As this court noted in its November 26, 2003, order, the court has the discretion to empanel an anonymous jury *sua sponte, see, e.g., United States v. Shryock,* 342 F.3d 948, 970–73 (9th Cir. 2003); *United States v. Bowman,* 302 F.3d 1228, 1238–39 (11th Cir.2002), *cert. denied,* 538 U.S. 1001, 123 S.Ct. 1923, 155 L.Ed.2d 829 (2003); *United States v. Branch,* 91 F.3d 699, 723–25 (5th Cir.1996), *cert. denied,* 520 U.S. 1185, 117 S.Ct. 1466, 137 L.Ed.2d 681 (1997); *United States v. Edmond,* 52 F.3d 1080, 1089–94 (D.C.Cir.), *cert. denied,* 516 U.S. 998, 116 S.Ct. 539, 133 L.Ed.2d 443 (1995), and various Circuit Courts of Appeals have held that an evidentiary hearing on the issue of whether or not to empanel an anonymous jury is *not always* required. *See, e.g. United States v. Wilson,* 160 F.3d 732, 747 (D.C.Cir.1998) (the district court did not abuse its discretion by not conducting an evidentiary hearing on the anonymous jury issue, where the court heard arguments of counsel and the government was relying principally on the charges in the indictment and the prosecutor's affidavit), *cert. denied,* 528 U.S. 828, 120 S.Ct. 81, 145 L.Ed.2d 69 (1999); *United States v. Aulicino,* 44 F.3d 1102, 1106 (2d Cir.1995) ("The district court has discretion to determine whether or not an evidentiary hearing is needed on the government's allegations" supporting a request for an anonymous jury); *United States v. Eufrasio,* 935 F.2d 553, 574 (3d Cir.) ("A trial court has discretion to permit an anonymous jury without holding an evidentiary hearing on juror safety, if the court be-

lieves there is potential for juror apprehension."), *cert. denied,* 502 U.S. 925, 112 S.Ct. 340, 116 L.Ed.2d 280 (1991). From these decisions, it follows that the court may *sua sponte* close any hearing it may hold on the motion for an anonymous jury without first making the public aware of the proposed closure of the hearing, or being presented with a motion for closure on the record.

Moreover, the court is again guided by the decision of the Fifth Circuit Court of Appeals in *United States v. Edwards,* 303 F.3d 606 (5th Cir.2002), *cert. denied,* 537 U.S. 1192, 123 S.Ct. 1272, 154 L.Ed.2d 1025 (2003). In *Edwards,* the Fifth Circuit Court of Appeals concluded, *inter alia,* that determination of whether or not to close a hearing on a motion for an anonymous jury should be controlled by the test enunciated in *Waller v. Georgia,* 467 U.S. 39, 48, 104 S.Ct. 2210, 81 L.Ed.2d 31 (1984). *Edwards,* 303 F.3d at 616–17 (stating that the *Waller* test requires the following before closure is appropriate: "(1) the party seeking to close the hearing must advance an overriding interest that is likely to be prejudiced; (2) the closure must be no broader than necessary to protect that interest; (3) the trial court must consider reasonable alternatives to closing the proceeding; and (4) it must make findings adequate to support the closure"). The court in *Edwards* then explained:

> [T]he *Waller* test recognizes that a limited closure of proceedings can serve a substantial institutional interest without violating the Sixth Amendment. Indeed, the interest in avoiding prejudice in the jury pool may be particularly compelling in situations like these. *Because these proceedings are not full trials, there is often a limited chance for the defendant to properly contextualize or fully attack what are often mere allegations. As in the present case, the district court often will be relying in part on affidavit, accusation, and suggestion. In the absence of a full, critical evaluation and cross-examination, such raw allegations could make their way into the public discourse, thereby proving highly prejudicial to the defendant.*

*Edwards,* 303 F.3d at 616–17 (emphasis added). The court in *Edwards* also noted that the district court had summed up its "core concern" in closing the proceedings in that case to be that " '[t]he overall effect of conducting a public hearing on the motion would be just the harm the Fifth Circuit warns against [in *United States v. Norris,* 780 F.2d 1207, 1210–11 (5th Cir. 1986)]: an unfair trial for the defendants.' " *Edwards,* 303 F.3d at 617 (quoting the district court's statement of its rationale). The court also concluded that the district court's action was no broader than necessary, as the defendants had proposed no viable alternatives to closure, finding that the court was not required to wait until voir dire to remedy any "taint" to the pool arising from publicity concerning a hearing on whether or not to empanel an anonymous jury. *Id.* Although the court did not consider separately the fourth *Waller* requirement, implicit in the appellate court's decision was the conclusion that the district court had made adequate findings to support the closure. *Id.* at 616–17; *see also Waller,* 467 U.S. at 48, 104 S.Ct. 2210 (fourth requirement is that the court make findings adequate to support the closure).

 As this court explained in its November 26, 2003, ruling, this court agrees that the *Waller* analysis is appropriate to the question of whether or not to close the evidentiary hearing on the government's motion for an anonymous jury. Moreover, the court finds that the *Waller* requirements are met in this case. First, the overriding interest that is likely to be prejudiced if the hearing is not closed is pre-

cisely the fairness of the trial for the defendant. *See Waller*, 467 U.S. at 48, 104 S.Ct. 2210 (first requirement); *Edwards*, 303 F.3d at 617 (finding the potential for prejudice to this interest to be sufficient). In this case, the government's allegations concerning the dangerousness of the defendant and his past conduct, which the government contends indicates a willingness to obstruct justice by murder and intimidation, even if fleshed out by evidence and subjected to cross-examination in an evidentiary hearing, are precisely the sort of allegations that could irreparably "taint" a jury pool. This court also reiterates its conclusion that there is, therefore, a substantial interest in fairness of the trial for the defendant supporting non-public proceedings on the government's motion for an anonymous jury. *Id.* at 617. This concern is not ameliorated by the government's contention that much of the "threat" evidence on which it intends to rely in support of its motion for an anonymous jury—such as the indictment, the notice of intent to seek the death penalty, and the transcript of the defendant's prior sentencing—is already in the public domain. Just as otherwise admissible evidence may be excluded at trial on the grounds that it is potentially unduly prejudicial, *see* FED. R. EVID. 403, the fact that "threat" evidence is already in the public record does not necessarily mean that there is no potential prejudice from its public reiteration *in pretrial proceedings.*

Moreover, even in light of the *Waller* requirements that "the closure must be no broader than necessary to protect that interest [in a fair trial for the defendant]" and that this court "must consider reasonable alternatives to closing the proceeding," *see Waller*, 467 U.S. at 48, 104 S.Ct. 2210 (second and third requirements), and the government's present assertion that there are less restrictive alternatives to complete closure of the proceedings on the motion for an anonymous jury, the court finds that closure of the proceedings on the motion is appropriate in this case. This court forecast in its November 26, 2003, order the government's present suggestion that any "taint" of the jury pool that might arise from pretrial publicity concerning the motion for an anonymous jury can be cured during jury selection, and the court now reiterates its agreement with the court in *Edwards* that waiting to cure any "taint" to the jury pool at the time of jury selection is simply closing the gate after the horses have escaped and would leave considerable doubt as to whether all jurors actually affected by any pretrial publicity regarding the hearing on an anonymous jury had actually been purged from the pool. *Cf. Edwards*, 303 F.3d at 617 (the trial court does not have to wait until voir dire to remedy any taint).

This court also noted in its November 26, 2003, ruling that it would be possible to consider certain submissions *in camera*, citing *United States v. Edmond*, 52 F.3d 1080, 1091 (D.C.Cir.), *cert. denied*, 516 U.S. 998, 116 S.Ct. 539, 133 L.Ed.2d 443 (1995), and the government now specifically suggests such a procedure. However, this court reiterates its conclusion that such a procedure is unlikely to give the defendant an adequate opportunity to respond to the government's allegations. The defendant now argues that it is impracticable—at best—to require counsel to challenge and argue, in open court, the significance of evidence offered in chambers, without revealing the details of that evidence, and the court agrees. Such a procedure does not adequately protect the "fairness" of the proceedings, because it is simply impracticable to isolate argument concerning the impact of "new" evidence or affidavits from argument concerning matters already in the public record in such a way that the defendant could effectively challenge the "new" evidence in a meaningful way and

address it in the full context of other evidence. *Cf. Edwards,* 303 F.3d at 617 ("Because these proceedings are not full trials, there is often a limited chance for the defendant to properly contextualize or fully attack what are often mere allegations. As in the present case, the district court often will be relying in part on affidavit, accusation, and suggestion. In the absence of a full, critical evaluation and cross-examination, such raw allegations could make their way into the public discourse, thereby proving highly prejudicial to the defendant.").

In light of these findings, the court concludes that there is adequate support for closure of the proceedings on whether or not to empanel an anonymous jury. *See Waller,* 467 U.S. at 48, 104 S.Ct. 2210 (fourth requirement is adequate findings to support closure). Therefore, the court confirms its order closing the proceedings on whether or not to empanel an anonymous jury.

**IT IS SO ORDERED.**